**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11209

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LOUIS CHARLES YOUNGLOVE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60078-RAR-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Louis Younglove appeals his conviction for possession of controlled substances with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and his 120-month sentence.

Younglove argues on appeal that (1) the district court erred by denying his motion to suppress and (2) his sentence is procedurally and substantively unreasonable.    After review,[1] we affirm Younglove's conviction and sentence.

## I. DISCUSSION

*A. Denial of Suppression Motion*

Younglove argues that the district court erred by denying his suppression motion because the February 4, 2021, traffic stop was a de facto warrantless arrest, and the officers did not have probable cause to arrest him. We disagree. The district court correctly denied Younglove's suppression motion because, even if the February 4 traffic stop constituted a de facto arrest, the officers had probable cause to arrest Younglove without a warrant based on their extensive investigation into his drug dealing.

"[T]he Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred." *United States v. Goddard*, 312 F.3d 1360, 1362 (11th Cir. 2002) (quoting *Florida v. White*, 526 U.S. 559, 565 (1999));

---

[1] "A district court's ruling on a motion to suppress evidence is reviewed as a mixed question of law and fact, with the rulings of law reviewed *de novo* and the findings of fact reviewed for clear error, in the light most favorable to the prevailing party." *United States v. Stowers*, 32 F.4th 1054, 1062-63 (11th Cir. 2022) (quotation marks omitted). "We review the reasonableness of a sentence for abuse of discretion." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

*see also Steagald v. United States*, 451 U.S. 204, 221 (1981) ("[I]f probable cause exists, no warrant is required to apprehend a suspected felon in a public place."). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Officers may conduct warrantless arrests based on crimes committed outside of their presence. *See United States v. Gonzalez*, 107 F.4th 1304, 1310 (11th Cir. 2024) ("[T]he Fourth Amendment does not require a misdemeanor to occur in an officer's presence to conduct a warrantless arrest.").

At the suppression hearing, officers described in detail the investigation they conducted into Younglove's drug dealing from May 2020 up until February 4, 2021. During their investigation, officers observed Younglove engage in multiple "hand-to-hand transactions" with various individuals both inside his Chicago-style restaurant, "Chi-Town," and from his car, in which Younglove regularly transported a black duffel bag. On several occasions, when officers observed one of these transactions, they immediately stopped the individuals who apparently had transacted with Younglove, and every time the officers recovered drugs from the stops, including prescription pills, cannabis, and "cocaine or heroin." When asked where they had obtained the drugs, the stopped individuals responded that they had gotten them from a person named "Louie" who owned a Chicago-style restaurant. Officers

also observed Younglove engage in a hand-to-hand transaction from his car on the day of the February 4 stop.

Additionally, in January 2021 the officers conducted one or two controlled buys from Younglove at his restaurant using confidential informants. The confidential informants purchased cocaine from Younglove and reported that Younglove retrieved the drugs he sold them from a black duffel bag.

All of this evidence taken together was sufficient at the very least to create an objectively "reasonable belief" that Younglove was dealing drugs. *See Gonzalez*, 969 F.2d at 1002; *see also United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir. 1985) (concluding that multiple officers can rely on their collective knowledge to establish probable cause "if they maintained at least a minimal level of communication during their investigation"). The officers could rely on the observations of the confidential informants to establish probable cause because the confidential informants' statements were corroborated by the other evidence the officers acquired in the course of the investigation. *See United States v. Mancilla-Ibarra*, 947 F.3d 1343, 1349 (11th Cir. 2020) ("In making a warrantless arrest an officer may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." (citation modified)).

For these reasons, the officers had probable cause to believe that Younglove had committed a crime, and so they could arrest Younglove on February 4, 2021, without first obtaining a warrant.

*See Goddard*, 312 F.3d at 1362; *Steagald*, 451 U.S. at 221; *Gonzalez*, 107 F.4th at 1310.  Thus, even if the February 4 stop was a de facto arrest, it did not violate the Fourth Amendment, and so the district court did not err by denying Younglove's suppression motion.

*B.  Sentence*

Younglove argues that we should vacate his sentence because (1) the district court misapprehended its discretion at the resentencing hearing and failed to resentence him de novo; (2) the district court failed to consider mitigating evidence of his rehabilitation between the initial sentencing hearing and the resentencing hearing; (3) the district court created an unwarranted sentencing disparity between him and his son, Anthony, who also received a 120-month sentence despite being separately convicted of both drug and gun offenses; and (4) his sentence is substantively unreasonable.  We are not persuaded by any of Younglove's arguments.

First, the district court did not misapprehend its discretion at the resentencing hearing.  Younglove's argument fails because the district court did in fact conduct a de novo resentencing hearing after it granted his 28 U.S.C. § 2255 motion for him to appeal the denial of his suppression motion.

When the transcript of the resentencing hearing is read in its totality, it is clear that the district court's intention at that hearing was to resentence Younglove de novo.  For example, at the beginning of the hearing, the district court told Younglove, "You're able now to ask the Court to look again at this record and argue for a

sentence below what I imposed last time." Additionally, before explaining the reasoning for its sentence, the court said, "there's no question that this is a second bite at the apple." The court also explicitly weighed the relevant 18 U.S.C. § 3553(a) factors in a thorough discussion, including Younglove's new rehabilitation evidence.

At no time during the resentencing hearing did the district court find that it was constrained by its prior sentence or could not exercise full discretion in any respect. The court referred to the sentence it imposed at the initial sentencing hearing and its previous weighing of the § 3553(a) factors because the majority of the factors did not change between that initial hearing and the resentencing hearing. The court was free to rely on its prior reasoning. *See United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (explaining that when a sentence is vacated and a district court conducts resentencing, the court "is free to reconstruct the sentence utilizing any of the sentence components").

In support of his argument, Younglove points to certain comments that the district court made relating to the role of rehabilitation as a factor relevant for deciding a motion for a sentence reduction under U.S.S.G. § 1B1.13. He also notes that the district court stated multiple times that his rehabilitation between the two sentencing hearings was insufficient to "disturb" the initial sentence.

These statements by the district court on their own do not establish that the district court failed to resentence Younglove de

novo or that it considered that its discretion was constrained in any way. Rather, when these statements are viewed in the context of the resentencing hearing as a whole, they do not suggest that the district court considered itself bound by its prior sentence or applied an inapposite standard. The court was merely weighing to what extent the new evidence that Younglove presented at the resentencing hearing was sufficient to impact its balancing of the § 3553(a) factors at the initial sentencing hearing. We do not discern any error in how the district court conducted the resentencing hearing.

Second, the district court did not fail to consider Younglove's rehabilitation evidence or disparity argument.

The Supreme Court has explained that, when a sentence is vacated and a district court holds a resentencing hearing, the court "may consider evidence of a defendant's postsentencing rehabilitation at resentencing" and "may, in appropriate cases," use that evidence to support a downward variance. *Pepper v. United States*, 562 U.S. 476, 504-05 (2011). At the resentencing hearing, the district court never said that it could not consider Younglove's rehabilitation evidence. In fact, the court stated it was "free to consider" Younglove's steps towards rehabilitation; said that it was "considering . . . [the] new circumstances"; heard statements from Younglove's family; and explicitly discussed the new evidence in weighing the § 3553(a) factors. The court decided not to give Younglove a lower sentence because it concluded in its discretion that the rehabilitation evidence did not outweigh the other factors,

including Younglove's criminal history and the need for deterrence, as it was permitted to do. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017) (explaining that *Pepper* "leaves what consideration, if any, to give to . . . post-sentencing rehabilitation, if any, up to the district court.").

Additionally, the district court recognized the potential for a sentencing disparity in sentencing Younglove to the same term of imprisonment as his son, Anthony, where Anthony was convicted of offenses involving both drugs and guns, while Younglove was not found to have possessed any guns in this case. However, the court concluded that this potential disparity concern did not warrant a lower sentence because Anthony was not similarly suited to Younglove. Specifically, the court noted that Anthony did not have a troubling criminal history like Younglove's.

Anthony had a criminal history category of I with no prior convictions, while Younglove had a criminal history category of II with many prior drug-related offenses, including a prior federal conviction for manufacturing marijuana. Because of the difference in their criminal histories, Younglove and his son are not similarly situated, and so their respective sentences do not raise unwarranted-disparity concerns. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) ("[T]here can be no 'unwarranted' sentencing disparities among codefendants who are not similarly situated."); *United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (con-

cluding that a defendant was not similarly situated to his co-conspirators where they had different criminal histories and received different sentencing enhancements).

Lastly, Younglove's sentence is not substantively unreasonable. The district court determined that an upward-variance sentence of 120 months was warranted because (1) Younglove had a prior federal conviction for manufacturing marijuana for which his sentence was reduced because he cooperated with the government; (2) after his supervised release for that conviction ended, Younglove engaged in even more serious drug-related criminal activity, including dealing more dangerous drugs like fentanyl, which showed a strong need for deterrence; and (3) prior to his initial sentencing hearing, in recorded jail calls Younglove continued to participate in drug trafficking and asked his girlfriend to forge character letters for him.

The district court did not abuse its discretion by giving greater weight to these factors than to Younglove's mitigating evidence. *See United States v. Al Jaberi*, 97 F.4th 1310, 1329 (11th Cir. 2024) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (citation modified)); *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." (quotation marks

omitted)); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254, 1261 (11th Cir. 2015) ("[T]he sentencing court is permitted to attach great weight to one factor over others" and has "broad leeway in deciding how much weight to give to prior crimes the defendant has committed." (quotation marks omitted)). Further, the fact that Younglove's 120-month sentence is well below the 40-year statutory maximum is a sign that it is reasonable. *See United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) ("That an upward variance sentence is well below the statutory maximum indicates that it is reasonable." (quotation marks omitted)).

For the above reasons, Younglove's 120-month sentence is procedurally and substantively reasonable.

## II.  CONCLUSION

The district court did not err by denying Younglove's suppression motion.  The district court also did not abuse its discretion in sentencing Younglove to 120 months' imprisonment.  Accordingly, we affirm Younglove's conviction and sentence.

**AFFIRMED.**